United States District Court
Southern District of Texas
**ENTERED**
November 02, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| GAIA HERBS, INC., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION No. 3:22-cv-352 |
| § | |
| GAEA HEMPWORKS, LLC § | |
| § | |
| Defendant. § | |

# **ORDER**

The plaintiff Gaia Herbs, Inc. moves to strike Gaea Hempworks, LLC's answer, affirmative defenses, counterclaim, and motion to dismiss. Dkt. 12. The court grants the motion.

Gaea submitted these filings to the court through its "pro se representative," Kimberly Garza. Dkts. 9 at 22; 10 at 3. However, it is a "well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993)). That rule applies with equal force to other entity forms, including limited liability companies like Gaea. *See, e.g.*, *Walker v. Allianz Life Ins. Co.*, No. 3-08-CV-2051-M, 2009 WL 1883418, at *3 (N.D. Tex. June 30, 2009).

Where an entity attempts to proceed pro se, a court has the discretion to strike the entity's pleadings and order the entity to obtain counsel. *See, e.g.*, *Little v. D & D Helping Others, Inc.*, No. H-06-3295, 2008 WL 4525398, at *2 (S.D. Tex. Oct. 2, 2008) (citing *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984)); *Pipe Hitters Union, LLC v. Pipe Hitters Union MC, LLC*, No. 1:20-CV-167-RP, 2020 WL 10692700, at *1–2 (W.D. Tex. April 27, 2020); *Olagues v. Timken*, No. 5:17-CV-1870, 2018 WL 2214647, at *1 (N.D. Ohio Jan. 3, 2018)). The court also has discretion to admonish the entity that it cannot proceed without counsel, and to order the entity to obtain counsel. *Memon*, 385 F.3d at 873 n.5. Before more drastic and dispositive actions may be taken, such as the entry of default judgment, a court should issue an admonition for the entity defendant to obtain counsel. *See Pipe Hitters*, 2020 WL 10692700, at *2 (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).

Because Gaea made its filings without counsel, the motion to strike its answer, affirmative defenses, counterclaim, and motion to dismiss is **GRANTED**. Dkt. 12. Gaea is admonished that it cannot proceed before this court without licensed counsel. Gaea is further **ORDERED** to file an answer or otherwise respond to Gaia's complaint through licensed counsel by

December 2, 2022. Should it fail to do so, the court may direct the clerk to make an entry of default against it upon proper motion by the plaintiff. The plaintiff's deadline to provide any required responses to the defendant's pleadings is hereby abated. Should the defendant retain counsel and file responsive pleadings in compliance with this order, the plaintiff shall respond, if necessary, to such pleadings within the timelines set forth by the Federal Rules of Civil Procedure.

Signed on Galveston Island this 2nd day of November, 2022.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE